## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOROTHY A. MATILE, by and through CLIFFORD L. DIEKER and VERNON E. BUCK, Successor Co-Trustees of the MELVIN D. and DOROTHY A. MATILE REVOCABLE TRUST DATED MAY 19, 2005 as amended,<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN ALDEN LIFE INSURANCE COMPANY, d/b/a Assurant Health, a Wisconsin corporation, and LIFECARE ASSURANCE CO., an Arizona corporation,<br><br>*Defendant.* | Case No. 5:20-cv-04032-EFM-ADM |

## MEMORANDUM AND ORDER

Plaintiff Dorothy A. Matile, by and through Clifford L. Dieker and Vernon E. Buck, seeks a declaratory judgment on a breach of contract against Defendants John Alden Life Insurance Company ("JALIC") and LifeCare Assurance Co. ("LifeCare"). LifeCare has filed a Motion to Dismiss (Doc. 7), arguing it was not a party to the contract in question. Furthermore, LifeCare argues that declaratory judgment is improper because Plaintiff's claim asks this Court to impermissibly rule on factual disputes. For the reasons stated in more detail below, the Court grants the motion.

## I.     Factual and Procedural Background[1]

On January 1, 1995, Plaintiff and her husband entered into an insurance contract with JALIC to provide Plaintiff with long term nursing care benefits. LifeCare serves as JALIC's claims administrator. When JALIC failed to pay benefits under the contract, Plaintiff alleges breach of contract and brought a claim against both JALIC and LifeCare for declaratory judgment under K.S.A. § 60-1701 in state court. The defendants subsequently removed the case to federal court. Pursuant to Rule 12(b)(6), LifeCare has moved to dismiss Plaintiff's claim against it due to lack of privity of contract. LifeCare also argues that granting Plaintiff's claim would result in the Court impermissibly acting as a fact-finder. Plaintiff did not file a response to LifeCare's Motion. For the reasons given below, the Court grants the Motion.

## II.    Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[1] The facts come from Plaintiff's complaint and are considered true for the purposes of this order.

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[8]

### III.   Analysis

LifeCare argues that the Court should dismiss Plaintiff's claim against it due to lack of contractual privity. Furthermore, LifeCare argues that the Court should entirely dismiss Plaintiff's claim because "it improperly delegates the fact-finding duty to the Court."[9] Because the lack of contractual privity bars Plaintiff from asserting any claim under the contract at issue against LifeCare, the Court need not consider LifeCare's second argument.

The Kansas Supreme Court has defined privity of contract as "that connection or relationship which exists between two or more contracting parties."[10] Furthermore, "[i]t is essential to the maintenance of any action on a contract that there be privity between the plaintiff

---

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (quotations and citation omitted).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] Doc. 8, at 2.

[10] *GFTLenexa, LLC v. City of Lenexa*, 453 P.3d 304, 312 (Kan. 2019) (citations omitted).

and the defendant in respect to the matter sued on."[11]  Finally, to adjudicate a claim seeking declaratory judgment, a federal court must find that an "actual controversy" exists between adverse parties.[12]

Here, Plaintiff entered into a contract with JALIC.  Plaintiff do not allege to have any contractual relationship with LifeCare, only that LifeCare is a third-party administrator for JALIC's insurance claims.  Therefore, no privity of contract exists between them.  Accordingly, Plaintiff cannot bring an action against LifeCare under the contract between Plaintiff and JALIC.  Because no actual controversy exists between Plaintiff and LifeCare, the Court grants LifeCare's Motion to Dismiss.

**IT IS THEREFORE ORDERED** that LifeCare's Motion to Dismiss for Failure to State a Claim (Doc. 7) is **GRANTED**.  LifeCare is dismissed from the case.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *Id.* (emphasis omitted); *see Wolverton v. Bullock*, 35 F. Supp. 2d 1278, 1280-81 (D. Kan. 1998) ("To state a viable claim . . . the plaintiff must allege that a contract existed between [the parties].").

[12] 28 U.S.C. § 2201(a); *see also Johnson Cty. Sports Auth. v. Shanahan*, 210 Kan. 253, 499 P.2d 1090, 1096 (1972) ("It is of course horn-book law that there must be at least two parties who can assert rights which have developed or will arise against each other before an actual controversy can exist which is justiciable under our declaratory judgment act.").